(21 Misc. Rep. 677.)

ABEEL et al. v. SWANN. .

(Supreme Court, Appellate Term.    November 24, 1897.)

LIABILITY OF ATTORNEY—CONSTRUCTION OF CONTRACT.

In an action to recover from an attorney the difference between an amount paid by him to plaintiffs and a larger amount, which, as alleged, he had agreed to secure for them from a fund in a receiver's hands, it appeared that his failure was due to his docketing two other judgments ahead of plaintiffs'; owing, according to him, to their priority in reaching his hands. *Held,* that the question whether he performed his duty under his agreement with plaintiffs was properly submitted to the jury.

Appeal from Thirteenth district court.

Action by George Abeel and others against Edward Swann. From a judgment rendered by a justice on the verdict of a jury, defendant appeals. Affirmed.

Argued before DALY, P. J., and McADAM and BISCHOFF, JJ.

C. L. Harwood, for appellant.

Charles T. Terry, for respondents.

BISCHOFF, J.   The plaintiffs held a claim against one Broderick, and at the solicitation of the defendant, an attorney, they placed it in his hands for collection, under an agreement whereby they were to receive 50 per cent. of the claim; the defendant's proposal containing the statement that he could "net them fifty per cent. cash," because of certain facilities which he commanded with regard to the debtor's position.   It appeared that the defendant before this time had prosecuted to judgment a claim of the Manhattan Beef Company against Broderick, and that, through the appointment of a receiver in supplementary proceedings, assets of the debtor had been reached which more than sufficed for the satisfaction of that claim, the first lien upon them; and it was the defendant's object to obtain the collection of other claims, and to satisfy them out of the surplus in the order in which they were received, according to his contention.   For the plaintiffs it was shown that their claim, amounting to $178.08, was reduced to judgment by the efforts of the defendant, who sent them a check for $50.02, with a letter stating that, by reason of prior claims, this sum was the full amount to which they were entitled under the agreement.   In reply to this letter, they declined to treat the payment as a full satisfaction, and demanded the further sum of $38.99, the balance of 50 per cent. of

the claim, to recover which this action was brought. The defendant's answer proceeded not only in denial of the fact that any balance was due, but contained the further allegation that the payment of $50.02 was made by him to the plaintiffs under a mistake, there being no funds of the judgment debtor applicable to their judgment; and a counterclaim was made for the amount so paid.

This appeal is founded upon the contention that, upon all the evidence, the justice erred in denying the defendant's motion for the dismissal of the complaint; it being claimed that the proof showed conclusively the absence of any assets out of which the plaintiffs' judgment could be satisfied,—at most, beyond the sum actually paid them. But, as we view the case, there was a question for the jury, and the contention is without force. Concededly, there was a fund in the hands of the receiver, applicable to judgments against Broderick, of more than $1,600 over and above necessary disbursements; and the judgment in favor of the Manhattan Beef Company, which was a first charge upon the fund, amounted to but $1,149.10, leaving a balance much more than sufficient to cover the plaintiffs' judgment in full. The record evidence showed, however, that the receivership in the Manhattan Beef Company action was caused by the defendant to be extended, not alone to the plaintiffs' judgment, but to that judgment together with two others; all three being docketed by the defendant on the same day, with two minutes elapsing between the docketing of each, and the plaintiffs' judgment having been selected by the defendant as the last for the docket. If the order of docketing was followed in the application of the fund to the judgments, that fund was necessarily so far exhausted as to leave for the plaintiffs an amount less than the $50.02 actually paid them by the defendant; but there was clearly a question for the jury as to whether the defendant acted in accordance with his duty to the plaintiffs, under the agreement, when he assumed to place of record other claims in priority to theirs. That he was justified in so doing because of his agreement with the other claimants, and that their claims came into his hands before the receipt by him of that in suit, was a matter supported only by the defendant's own testimony, which, although uncontradicted, was to be credited or not by the jury, in their discretion, in view of the witness' interest in the result of the action; and, apart from this evidence, the proof in the case supported an inference by the jury that the defendant's reasonable observance of his agreement with the plaintiffs would have led to the placing of their judgment in such relation to the fund that it would have been fully satisfied. Further testimony of the defendant was to the effect that there was no fund whatsoever applicable to judgments of later date than that obtained by the Manhattan Beef Company, since an agreement had been made between the receiver and his attorney whereby the latter was to receive half of the total amount recovered from the judgment debtor, in consideration of his services. The propriety of such an agreement may certainly be open to question, and the jury may readily have been impressed with the improbability that it was viewed by

47 N.Y.S.—69

the parties concerned as effectual to so greatly lessen the fund, or that the fund was thus placed so far beyond the reach of the defendant's reasonable efforts, when there was only this interested testimony to these circumstances. In either aspect of the case, therefore, there was a question of fact; and it does not appear that the jury's determination of the issue may properly be disturbed, upon the evidence.

No exception was taken to any part of the charge delivered by the trial court, and all further instructions to which the defendant considered himself entitled were given in the form adopted by his numerous requests to charge. If he thought that the charge was misleading, as is now urged, he might have requested further modification; but he appears to have been content with it at the time, and we fail to find that there was any substantial ground for objection. It is said that the question of the counterclaim for the return of the sum paid by defendant under his alleged mistake was not satisfactorily submitted to the jury; but, in view of the finding upon the main issue that the plaintiffs were entitled to the payment of this sum, and more, as a matter of fact, no prejudice could have resulted in this aspect.

The judgment should be affirmed, with costs. All concur.